IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) CHRIS NESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| (1) THE BOARD OF COUNTY COMMISSIONERS OF PAYNE COUNTY, OKLAHOMA; and (2) THE PAYNE COUNTY SHERIFF, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Chris Ness, for his claims for relief against Defendants, alleges and states the following:

1. Plaintiff, Chris Ness, is an individual residing within this judicial district.

2. Defendant Payne County Sheriff is sued in his/her official capacity as such. Defendant Board of County Commissioners of Payne County is the governing body of Payne County, Oklahoma. Payne County, Oklahoma, is within the venue of this judicial district.

3. Chris Ness's claims for relief arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; as well as Oklahoma's wage laws, Okla. Stat. tit. 40 § 165.1 *et seq.* and Okla. Adm. Code 330:30-1-7(a). This Court, therefore, has jurisdiction and venue of this matter.

4. Mr. Ness was formerly employed, as a jailer, with the Payne County Sheriff's Department.

5. Payne County jailers receive payment for their employment services from Payne County funds.

6. Mr. Ness, as a jailer, working for the Payne County Sheriff's Department, is entitled to overtime hours worked pursuant to the provisions of the FLSA.

7. During the course of his employment, Mr. Ness, and others similarly situated to him, were required to attend and did attend training programs as a condition of their continuing employment with the Payne County Sheriff's Department.

8. Mr. Ness, and others similarly situated to him, did not receive any monetary compensation for attending the mandatary training programs in direct violation of Okla. Stat. tit. 40 § 165.1 *et seq.* and Okla. Adm. Code 330:30-1-7(a).

9. By attending the training programs, Mr. Ness worked in excess of the maximum hours provided under the FLSA.

10. In addition, it was the standard practice and procedure of Payne County and its Sheriff's Department to willfully fail and refuse to compensate Mr. Ness, in any manner whatsoever for his attendance at the mandatory training programs in direct violation of FLSA and Oklahoma's wage laws.

11. Mr. Ness also had to work hours in excess of the maximum hours set forth in the FLSA on occasions other than those in which he had to attend training programs.

12. As in the situation of the training programs, it was a standard practice and procedure for Payne County and its Sheriff's Department to willfully fail to provide Mr.

Ness with any compensation, whether overtime compensation or compensatory time off, for the hours worked in excess of the maximum.

      13.     The practices and procedures of Payne County and its Sheriff's Department as set forth above were willfully unlawful.

      14.     On or about October 8, 2007, Payne County and its Sheriff's Department changed its overtime policies and practices to provide compensation.

      WHEREFORE, Chris Ness, respectfully requests judgment against Defendants, including but not limited to all unpaid compensation, back pay, front pay, liquidated damages, attorney's fees, costs, and all other legal and equitable relief to which Mr. Ness may be entitled.

Respectfully submitted,

 s/ Jack S. Dawson
Jack S. Dawson, OBA #2235
Faustine E. Curry, OBA #21497
MILLER DOLLARHIDE, P.C.
100 Park Avenue, Second Floor
Oklahoma City, OK 73102-8099
Telephone: (405) 236-8541
Facsimile: (405) 235-8130
ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED