# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRIS NESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-09-1353-D |
| ) | |
| THE BOARD OF COUNTY ) | |
| COMMISSIONERS OF PAYNE ) | |
| COUNTY, OKLAHOMA; and ) | |
| THE PAYNE COUNTY SHERIFF, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment [Doc. No. 30]. Plaintiff responded in opposition to the Motion, which is fully briefed and at issue.

Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as well as Oklahoma's wage laws, Okla. Stat. tit. 40 § 165.1 *et seq.*, and Okla. Adm. Code 380:30-1-7(a). Plaintiff asserts that Defendants, Plaintiff's former employer, failed to properly compensate him or provide compensatory time off for overtime hours he worked. Plaintiff also asserts that Defendants "willfully" violated the FLSA.

By their Motion, Defendants contend Plaintiff cannot prove a willful violation. Defendants further assert that Plaintiff's claims are time barred because the general two-year statute of limitations applies, rather than the three-year statute of limitations for willful violations. *See* 29 U.S.C. § 255(a). The Court agrees.

**Standard of Decision**

The Court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *See id.* at 255. The Court must view all facts and reasonable inferences in the light most favorable to the nonmoving party. *Id.* If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In asserting either a genuine issue of material fact exists or does not exist, parties must support their assertion with material in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2); *see also Anderson*, 477 U.S. at 248; *Celotex*, 477 at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Parties must cite to particular parts of materials in the record such as depositions, affidavits, discovery responses, or documents. Fed. R. Civ. P. 56(c)(1)(A). Although a district court has discretion to go beyond referenced portions of the supporting material, it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *see also Adler*, 144 F.3d at 672. The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

---

[1] This statement reflects amendments to Rule 56 effective December 1, 2010, which changed various words and reorganized the rule. The legal standard, however, was not changed. *See* Fed. R. Civ. P. 56 advisory committee's note.

**Statement of Undisputed Facts**

The relevant facts are substantially undisputed.[2] Plaintiff, a former employee for the Payne County Sheriff's Department, discontinued working on October 3, 2007. Plaintiff filed his lawsuit on December 10, 2009, more than two years after Defendants would have owed Plaintiff any overtime and beyond the general two-year statute of limitations applicable to Plaintiff's FLSA claim.

During Plaintiff's tenure at the Payne County Sheriff's Department, he served under two sheriff, Sheriff Hiner and Sheriff Bagwell. Sheriff Hiner appointed Bagwell as his undersheriff in November 2004. In July 2007, Sheriff Bagwell was appointed as the Sheriff of Payne County. Plaintiff worked for the Payne County Sheriff's Department from January 2, 2007 through October 3, 2007. Thus, Sheriff Hiner was Plaintiff's supervisor for the majority of Plaintiff's employment at the sheriff's office.

While Plaintiff worked at the Sheriff's Department, Defendants had an informal overtime compensation plan. Sheriff Hiner only kept mental track of employees' overtime hours. After Sheriff Bagwell became sheriff, he continued using a substantially similar system as Sheriff Hiner.[3] Under each sheriff, employees could take compensatory time off if the employee had accrued any overtime so long as the sheriff or undersheriff approved. Furthermore, if any employee worked past his shift, the sheriff or undersheriff would allow the employee to start another shift late or leave early to compensate for any overtime. Thus, while Defendants did not have a formal system in place

---

[2] For purposes of Defendants' Motion, immaterial ambiguities exist as to: 1) whether Plaintiff resigned or the sheriff fired him; and 2) whether Plaintiff worked as a dispatcher or a jailer.

[3] *See* Depo. of Sheriff Bagwell, 57:1-19. This portion of Sheriff Bagwell's deposition was submitted in conjunction with a motion for summary judgment in a related case. *See* Defendant's Motion for Summary Judgment, *Courtright v. Bd. of County Comm'rs. of Payne County*, No. CIV-08-230-D (W.D. Okla. Dec. 07, 2010). Bagwell's deposition, however, was taken during consolidated discovery. Therefore, the Court determines that this portion of Bagwell's deposition may properly be considered.

for *tracking* overtime, they did utilize an informal method for attempting to compensate employees for overtime hours Sheriff Hiner or Sheriff Bagwell knew about. [*See* Doc. No. 33-2].[4]

**Discussion**

**A. Plaintiff's FLSA Claim**

"The FLSA generally imposes a two-year statute of limitations unless the defendant's violations are shown to be willful, in which case a three-year period applies." *Mumby v. Pure Energy Servs. (USA), Inc.*, 2011 WL 590349, at *3 (10th Cir. Feb. 22, 2011) (to be published); *see* 29 U.S.C. § 255(a). Plaintiff has the burden of showing that "the employer either knew or showed reckless disregard for the matter of whether its conduct violated the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). The Supreme Court has narrowly defined willful to mean "voluntary, deliberate, and intentional." *Id.* An imperfect or negligent plan does not rise to the level of willfulness. *See id.* at 135; *Terwillinger v. Home of Hope, Inc.*, 21 F. Supp. 2d 1305, 1308 (N.D. Okla. 1998) ("Negligence, or an incorrect assumption that a pay plan complies with the FLSA do not meet the criteria for a willful violation of the FLSA.").

A plaintiff can show reckless disregard through "action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Mumby*, 2011 WL 590349, at

---

[4] Depo. of Sheriff Bagwell, 26:13-27:6:
Q: Did any employee, while you were undersheriff or sheriff, complain about not getting paid for overtime?
A: No. *They were allowed to take time off. I mean, if they had overtime, there were allowed to take time off,* with the sheriff or myself's approval, at a later time.
Q: Do you recall how the amount of time off available was calculated?
A: It was basically–Sheriff Hiner never really kept records of that. He–in his mind, he was very able to know that somebody had been there past their shift work or something like that. And it was, basically, if the shifts were covered and the work was covered, you come in and said, "Can I take off today," you were allowed to take off. Your work shift had to be covered.

*3 (internal quotations omitted). "The court's operative inquiry focuses on the employer's diligence in the face of a statutory obligation, not on the employer's mere knowledge of relevant law." *Id.*

In this case, Plaintiff has failed to identify sufficient facts to establish that Defendants' overtime compensation plan, although possibly in violation of the FLSA, rises to the level of a willful violation. Plaintiff has not produced any evidence showing that Sheriff Hiner or Sheriff Bagwell knew the failure to formally track compensatory time off was a violation of the FLSA. Because Plaintiff has not shown that Defendants knew, or should have known, their plan may have violated the FLSA, Plaintiff cannot meet the higher burden of showing that Defendants deliberately violated the FLSA. Plaintiff's proof only shows Defendants may have been negligent in implementing their overtime compensation plan. But negligence is not willfulness. *See McLaughlin*, 486 U.S. at 133. Therefore, the Court finds that Plaintiff has not demonstrated Defendants' violation of the FLSA was "willful" in that it was voluntary, intentional, and deliberate.

The Court further finds that Plaintiff has failed to identify facts to show that Defendants' violation, if any, was reckless. Defendants were diligent in the face of meeting their statutory obligation because Defendants allowed employees to take compensatory time off if the sheriff was aware that an employee had worked overtime.

Notably, this case is unlike the defendant's reckless disregard for the FLSA in *Mumby v. Pure Energy Services (USA) Inc.* In *Mumby*, the defendant was on notice that the company's overtime policy violated the FLSA because a court granted summary judgment to similarly situated plaintiffs in a previous case against the defendant. *Mumby*, 2011 WL 590349, at *2. Furthermore, the defendant consulted an attorney about the defendant's overtime plan. *Id.* at *4. The attorney

5

notified the defendant that the plan violated the FLSA, but the defendant refused to change the plan. *Id.*

Here, Defendants had no such notice. Moreover, Defendants' failure to consult an attorney about their informal overtime plan is insufficient to prove recklessness. *Id.* at *3. Therefore, Defendants' practice of allowing employees to take time off, and their lack of notice that the plan may not have fulfilled FLSA requirements, prevents a reasonable finding that Defendants acted recklessly.

Thus, the Court finds there is no genuine dispute as to material facts regarding whether Defendants' alleged violation of the FLSA rises to the level of willfulness, based on either a deliberate or a reckless disregard for the law. Therefore, Plaintiff has failed to substantiate a claim to which the three-year statute of limitations would apply. Since the parties do not dispute the date that Plaintiff's claim last accrued nor the date Plaintiff filed his lawsuit, Plaintiff's FLSA action is time barred by the two-year statute of limitations.

**B. Plaintiff's State Law Claims**

Like his FLSA claim, Plaintiff has not presented sufficient evidence for his state law claims. In fact, Plaintiff has not provided any argument or authority that the FLSA statute of limitations does not govern Plaintiff's state law claims. Instead, Plaintiff acquiesces in Defendants' position that Oklahoma has "not adopted the FLSA standards governing maximum hours and overtime." *See McKenzie v. Renberg's, Inc.*, 94 F.3d 1478, 1487 (10th Cir. 1996). Also, the Oklahoma Labor Protection Act and the Oklahoma Administrative Code do not otherwise contain guidelines, rules, or standards regarding maximum hours. *See id.* Thus, if Plaintiff's state law claims were not barred, he would still need to rely on the FLSA. But Plaintiff cannot do indirectly that which he cannot do

directly. Therefore, the Court grants Defendants' Motion for Summary Judgment as to the Plaintiff's FLSA claim and Plaintiff's state law claims.

## Conclusion

Plaintiff's proof of Defendants' allegedly willful or reckless disregard for the FLSA is insufficient. At most, Plaintiff has only shown that Defendants were negligent in connection with their overtime plan, which falls short of the standard for the application of the three-year statute of limitations. Therefore, the undisputed facts establish that any FLSA claim is time barred. The Court also grants Defendants' Motion as to the Plaintiff's state law claims.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 30] is GRANTED.

IT IS SO ORDERED this 19th day of April, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE